Filed 3/23/22  P. v. Carnell CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY CARNELL,<br><br>Defendant and Appellant. | B315035<br><br>(Los Angeles County<br>Super. Ct. No. VA075517) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lillian Vega Jacobs, Judge.  Affirmed.

Johanna R. Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In February 2003, defendant and appellant Anthony Carnell was involved, along with three codefendants, in a gang-related shooting that resulted in the death of an innocent bystander. Defendant and two of his fellow gang members, along with a female associate who drove them, were attempting to retaliate for the earlier shooting of another member of their gang. Once they arrived outside the home where they saw the rival gang members (including Jermaine Booth), defendant and codefendant Larry Harris got out of the car and both started shooting. Defendant's handgun jammed, but Harris emptied his gun before the two jumped back in the car and they fled the scene. One of the bullets struck and killed an innocent bystander, Betty Jean Rothchild.

Defendant and his codefendants were charged with multiple felonies, including the murder of Ms. Rothchild and the attempted murder of Mr. Booth. Various special allegations were pled, including that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang.

After defendant and his codefendants were arrested, defendant gave a recorded interview acknowledging his role in the shooting. Defendant entered into a leniency agreement with the district attorney's office in which he agreed to plead guilty to one count of second degree murder and provide truthful testimony against his codefendants in exchange for a sentence of 15 years to life.

On June 25, 2008, defendant signed a felony advisement and waiver form, waived his rights on the record and pled guilty to one count of second degree murder. The court found a factual basis for the plea. Thereafter, in accordance with the terms of the leniency agreement, defendant testified in the November 2008 trial against codefendant Harris.

In December 2008, defendant was sentenced to 15 years to life in prison and credited with 2,417 days of presentence custody

credits. All remaining counts and special allegations were dismissed.

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In April 2020, defendant filed in propria persona a form petition for resentencing pursuant to Penal Code section 1170.95 requesting appointment of counsel and resentencing on the grounds he was not the actual killer and not a major participant in the shooting death of Ms. Rothchild. The People filed a response and attached a copy of defendant's recorded interview with detectives in which he admitted participating in the retaliatory shooting.

The court appointed counsel for defendant and ordered copies of the preliminary hearing transcripts. At the next hearing, the court found defendant had stated a prima facie case and set an order to show cause.

On September 8, 2021, the court held the evidentiary hearing. The court acknowledged its review of various portions of the record, including portions of the trial transcripts from the November 2008 trial of codefendant Harris. The court cited to various passages from defendant's testimony in which he admitted that he and his codefendants intentionally drove to the scene to take revenge on rival gang members, that he brought his nine-millimeter handgun and got out of the car to shoot at the intended victims with Harris, but his gun jammed when he tried to fire it.

After entertaining argument from counsel, the court denied defendant's petition, finding the prosecution had met its burden to prove beyond a reasonable doubt that defendant could be convicted under current law of the murder of Ms. Rothchild as a direct aider and abettor or under a theory of conspiracy to commit murder.

This appeal followed.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared she advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant. No supplemental brief was filed.

Defendant's counsel filed a motion to augment the record, attaching copies of trial transcripts from the trial of codefendant Harris in which defendant testified. We grant defendant's request to augment.

There is currently a split in the appellate courts as to whether a reviewing court must engage in independent review for error when counsel files a *Wende* brief from a postjudgment appeal from a resentencing petition. Some courts have concluded that discretionary review is appropriate irrespective of whether the defendant files a supplemental brief. (See, e.g., *People v. Flores* (2020) 54 Cal.App.5th 266, 274.)

Other courts have concluded that where, as here, a defendant chooses not to file a supplemental brief, the Court of Appeal need not undertake *Wende* review but may dismiss the appeal as abandoned. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 501 [because a defendant appealing from a postjudgment denial of a motion to vacate "has no constitutional right to counsel," he is not entitled to *Wende* review when appointed counsel finds no arguable issues].)

The Supreme Court is now considering the issue, that is "[w]hat procedures must appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit" and

4

whether a defendant is "entitled to notice of these procedures." (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305, 2021 Cal. Lexis 1185.)

Accordingly, pending further guidance from the Supreme Court, we have determined to exercise our discretion to independently review the record.

We have examined the entire record of proceedings submitted to this court, including the requested augmented material, and are satisfied that appointed counsel fully complied with her responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.

HARUTUNIAN, J.[*]

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.